**Electronically Filed
Supreme Court
SCWC-12-0000578
15-JAN-2019
08:15 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellant,

vs.

MANAIAKALANI N.K. KALUA,
Petitioner/Defendant-Appellee.

_____

SCWC-12-0000578

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000578; 3DTC-11-040282)

JANUARY 15, 2019

BY McKENNA, POLLACK, AND WILSON, JJ., WITH RECKTENWALD, C.J.,
DISSENTING, WITH WHOM NAKAYAMA, J., JOINS

OPINION OF THE COURT BY WILSON, J.

Petitioner/Defendant-Appellee Manaiakalani N.K. Kalua (Kalua) was concurrently cited for speeding and excessive speeding offenses while driving through two separate speed zones. This case addresses the issue whether the Intermediate Court of Appeals (ICA) erred in holding that the entry of

judgment on Kalua's noncriminal speeding infraction failed to bar the Respondent/Plaintiff-Appellant State of Hawai'i (State) from prosecuting him for the crime of excessive speeding. Kalua contends that his prosecution for excessive speeding is barred by Hawai'i Revised Statutes (HRS) §§ 701-109(1)[1] and (2)[2] (2007) and by the double jeopardy clauses of the United States and Hawai'i Constitutions.[3] We hold that double jeopardy is

---

[1]   HRS § 701-109(1) provides:

When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:

(a)   One offense is included in the other, as defined in subsection (4) of this section;
(b)   One offense consists only of a conspiracy or solicitation to commit the other;
(c)   Inconsistent findings of fact are required to establish the commission of the offenses;
(d)   The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or
(e)   The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

[2]   HRS § 701-109(2) provides in relevant part:

[A] defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

[3]   The fifth amendment to the U.S. Constitution guarantees that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. Likewise, the Hawai'i

(. . . continued)

inapplicable to the civil offense of speeding under its current statutory framework. We also hold Kalua is subject to prosecution for both excessive speeding and speeding; however, if on remand the District Court of the Third Circuit (district court) finds at trial that the excessive speeding charge arises from the same conduct as the speeding infraction, the "lesser included offense" provision of HRS § 701-109(1)(a) will preclude his conviction for excessive speeding. We thus affirm the ICA's judgment vacating the district court's dismissal of the excessive speeding offense, but for the reasons stated herein, and the case is remanded to the district court for further proceedings.

## I. Background

### A. Stipulated Facts

On September 14, 2011, Kalua was cited for speeding, in violation of HRS § 291C-102,[4] and for excessive speeding, in violation of HRS § 291C-105.[5] On November 28, 2011, Kalua paid

---

(continued . . .)

Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy[.]" Haw. Const. art. 1, § 10.

[4] HRS § 291C-102 (2007) provides in relevant part that "[a] person violates this section if the person drives . . . [a] motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C-105." HRS § 291C-102(a)(1).

[5] HRS § 291C-105 (2007) provides in relevant part, as it did at the time of the offense, that "[n]o person shall drive a motor vehicle at a speed

(. . . continued)

3

the $137 fine for the speeding infraction after a default judgment was entered against him in the district court. On January 5, 2012, in the district court, Kalua pled not guilty to the charge of excessive speeding. Kalua subsequently filed a motion to dismiss the excessive speeding charge pursuant to HRS § 701-109(2).

At the April 19, 2012 hearing[6] on the motion to dismiss the excessive speeding charge, the parties agreed to stipulate to the following relevant facts: (1) the citing police officer, Thomas Koyanagi, used radar to measure Kalua's speed at a "steady speed of 73 miles per hour while entering a 45 miles per hour zone"; (2) Officer Koyanagi observed Kalua pass two 40 miles per hour signs; and (3) Officer Koyanagi subsequently stopped Kalua and cited him for driving 71 miles per hour in a 55 miles per hour zone in violation of HRS § 291C-102(a)(1)[7] and for driving 73 miles per hour in a 40 miles per hour zone in

_____

(continued . . .)

exceeding . . . [t]he applicable state or county speed limit by thirty miles per hour or more." HRS § 291C-105(a)(1). The statute further provides, as it did at the time of the offense, "[a]ny person who violates [HRS § 291C-105] shall be guilty of a petty misdemeanor[.]" HRS § 291C-105(c).

[6]   The Honorable Melvin Fujino presided.

[7]   The district court's finding of fact No. 3 incorrectly states that Kalua was cited for traveling 73 miles per hour in a 55 miles per hour zone. DC Dkt. 9/26/12 "Amended Order Granting Deffendant's [sic] Motion to Dismiss Excessive Speeding Charge Under HRS § 701-109(2)" at 2.

4

violation of HRS § 291C-105(a)(1). Additionally, the parties agreed that "at no time was there a break in the occurrence from the time that . . . Officer Koyanagi saw [Kalua] to the time [Kalua] stopped and was cited. And he was issued both tickets upon that stop."

The district court granted Kalua's motion to dismiss the excessive speeding charge. The court determined that the speeding infraction was a lesser included offense of excessive speeding. Because Kalua had paid the fine for the speeding infraction, the court reasoned that prosecuting him for the excessive speeding charge would violate HRS § 701-109(1)(a), which prohibits the State from convicting a defendant "of more than one offense" if one offense "is included in the other." The court thus found that HRS § 701-109(1)(a) barred the State from prosecuting Kalua on the excessive speeding charge. The court further found that the double jeopardy clause barred the State from prosecuting Kalua on the excessive speeding charge.

The district court's order granting Kalua's motion to dismiss the excessive speeding charge was filed on May 21, 2012, and later amended on September 26, 2012. In the amended order, the district court cited HRS § 701-109(2) in concluding that the State was barred from prosecuting Kalua on the excessive speeding charge. The district court explained that Kalua's

5

conduct consisted of "the operation of his vehicle at a speed in excess of the applicable speed limit," and concluded that his conduct "constituted a single episode." The court therefore concluded that prosecution of the excessive speeding offense was barred because HRS § 701-109(2) bars separate trials for offenses based on the same conduct or arising from the same episode.

B. **ICA Proceedings**

In its opinion, the ICA vacated the district court's order granting Kalua's motion to dismiss and remanded the case for proceedings consistent with its opinion. State v. Kalua, 136 Hawai'i 181, 189, 358 P.3d 750, 758 (App. 2015). The ICA held that the prior adjudication of Kalua's speeding infraction fails to bar the State from subsequently prosecuting Kalua for the crime of excessive speeding. Id. at 184-86, 358 P.3d at 753-55. In the ICA's view, HRS § 291D-3(d) (2007) "eliminates any bar to criminal prosecution that could otherwise arise from the separate adjudication of non-criminal traffic infractions[,]" and "permit[s] prosecution of a criminal offense where the adjudicated traffic infraction is a lesser included traffic infraction of the charged crime." Id. at 186, 358 P.3d at 755. The ICA also concluded that double jeopardy did not bar subsequent prosecution for excessive speeding because double

jeopardy only prohibits successive criminal prosecutions, and therefore did not apply to the prior civil adjudication for the speeding infraction.  Id. at 187-89, 358 P.3d at 756-58.

## II.  Standards of Review

### A.  Constitutional Law

"This court reviews questions of constitutional law de novo under the right/wrong standard and thus exercises its own independent judgment based on the facts of the case."  State v. Curtis, 139 Hawai'i 486, 492, 394 P.3d 716, 722 (2017) (internal quotation marks and citation omitted).

### B.  Statutory Interpretation

Statutory interpretation is "a question of law reviewable de novo."  State v. Levi, 102 Hawai'i 282, 285, 75 P.3d 1173, 1176 (2003) (internal quotation marks and citations omitted).  Statutory construction is guided by established rules:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning.  Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

State v. Bayly, 118 Hawai'i 1, 6, 185 P.3d 186, 191 (2008) (citation omitted).

7

C.      Conclusions of Law

"A trial court's conclusions of law are reviewed de novo under the right/wrong standard."  State v. Adler, 108 Hawai'i 169, 174, 118 P.3d 652, 657 (2005) (citation omitted).

## III. Discussion

Kalua raises a single issue:  does the prior adjudication of his civil traffic offense of speeding bar the State from subsequently prosecuting Kalua for the criminal traffic offense of excessive speeding?  See HRS § 291C-102 (penalizing speeding); HRS § 291C-105 (penalizing excessive speeding).

Kalua contends the prior adjudication under HRS § 291C-102 prevents subsequent prosecution for excessive speeding under HRS § 291C-105, and advances three arguments in support of his contention.  First, he argues that the State cannot prosecute him on the excessive speeding charge because HRS § 701-109(1)(a) bars convicting a defendant of multiple offenses where one offense is included in the other.  Having been convicted of the lesser offense of speeding, he argues, he cannot later be prosecuted for the greater offense of excessive speeding as well, given that both were committed in the same course of conduct.  Second, Kalua argues that HRS § 701-109(2) imposes a compulsory joinder requirement barring successive

8

trials for multiple offenses arising from the same conduct. In other words, he argues the State was required to prosecute both offenses together. Under this analysis, Kalua contends that because the speeding charge had already been adjudicated, the State was barred under HRS § 701-109(2) from prosecuting him in a later trial on the excessive speeding charge. Third, Kalua argues that the double jeopardy doctrine bars the State from prosecuting him for both speeding and excessive speeding.

The State contends that it may prosecute Kalua for excessive speeding even though the speeding infraction he committed during the same course of conduct has been adjudicated. According to the State, HRS § 291D-3(d) expressly prevents HRS § 701-109 from barring subsequent prosecution of a criminal traffic offense, such as excessive speeding, when a prior civil traffic offense committed during the same course of conduct has already been adjudicated. Second, as to the compulsory joinder requirement of HRS § 701-109(2), the State argues that the statute applies only if both offenses are known to the prosecuting officer at the time the first trial begins, and that was not the case here. Finally, the State stresses, double jeopardy applies only to successive criminal trials, not to a civil adjudication followed by a criminal trial.

We begin by examining the double jeopardy doctrine and conclude it is not applicable. We then consider the State's arguments that HRS § 291D-3(d) precludes traffic offenses from the prohibitions contained in HRS § 701-109 regarding separate prosecutions and multiple convictions. We hold that HRS § 291D-3(d) precludes the compulsory joinder requirement contained in HRS § 701-109(2) in the context of traffic infractions. Accordingly, Kalua can be prosecuted separately for speeding and excessive speeding. However, we also conclude that HRS § 291D-3(d) does not preclude applicability of HRS § 701-109 regarding lesser included offenses.[8] Thus, Kalua cannot be convicted of speeding and excessive speeding if both offenses involve the same conduct pursuant to HRS § 701-109(1), as speeding is a lesser included offense of excessive speeding pursuant to HRS §§ 701-109(1)(a) and 701-109(4).

**A.    The Double Jeopardy Clause Does Not Bar Kalua's Prosecution for Excessive Speeding**

"Double jeopardy protects individuals against:  (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense."  State v. Higa, 79 Hawai'i 1, 5, 897 P.2d 928, 932 (1995).  Kalua argues that the

_____

[8]    HRS §§ 701-109(1)(a) and 701-109(4).

double jeopardy clauses of the U.S. and Hawai'i Constitutions bar the State from prosecuting the excessive speeding charge. The ICA rejected Kalua's argument by concluding that because the double jeopardy clause only bars successive criminal prosecutions and multiple criminal punishments, the prior adjudication of Kalua's noncriminal speeding infraction did not act as a bar to the State's subsequent prosecution for excessive speeding. Kalua, 136 Hawai'i at 186–89, 358 P.3d at 755–58. We agree.

In Tauese v. State, Dep't of Labor & Indus. Relations, 113 Hawai'i 1, 31, 147 P.3d 785, 815 (2006), we adopted "a two-part inquiry for determining whether a statutorily defined penalty is civil or criminal:" (1) whether the legislature intended the penalty to be civil or criminal and, if so, (2) "whether the statutory scheme was so punitive either in purpose or effect as to negate that intention." (Citation omitted). Taken together, these factors clearly support the conclusion that the sanctions imposed for speeding are a civil remedy rather than a criminal punishment. See id. at 31-32, 147 P.3d at 815-16.

With respect to (1), whether the legislature intended the penalty to be civil or criminal, here, the punishment for speeding is purely monetary: maximum fines of up to $200 for a

11

first violation, $300 for a second violation within one year, and $500 for a third violation within one year, or community service in lieu of a monetary assessment at the court's discretion based on inability to pay. See HRS §§ 291D-9 (2007), 291D-10 (2007), and 291C-161 (2007 & Supp. 2008).[9] Thus, the sanctions imposed for Kalua's speeding violation did not constitute a criminal punishment. Accordingly, criminal prosecution for Kalua's excessive speeding charge is not barred under the double jeopardy clause by the default judgment entered on his noncriminal speeding offense.

**B. HRS § 291D-3(d) Precludes Applicability of the Compulsory Joinder Provision of HRS § 701–109(2) in the Context of Traffic Offenses, but Does Not Provide an Exception to the Provision in HRS § 701–109(1)**

Because we have concluded that Kalua's potential prosecution for excessive speeding is not barred by the double jeopardy clauses of the U.S. or Hawai'i Constitutions, we turn to the statutory provisions relevant to whether he can be prosecuted and convicted for excessive speeding as well as speeding. Kalua argues that the State cannot prosecute him on the excessive speeding charge because HRS § 701-109(1)(a) bars convicting a defendant of multiple offenses where one offense is

---

[9] Our discussion in Section III.B below regarding the decriminalization of traffic infractions through Chapter 291D further makes clear that the legislature intended that the penalties for ordinary speeding under HRS § 291C-102 be civil in nature.

12

included in the other.  Having been convicted of the lesser offense of speeding, he argues, he cannot later be prosecuted for the greater offense of excessive speeding as well, given that both were committed in the same course of conduct.  Second, he argues that HRS § 701-109(2) imposes a compulsory joinder requirement barring successive trials for multiple offenses arising from a continuing course of conduct.

The State contends that it may prosecute Kalua for excessive speeding even if the speeding infraction he committed is a lesser included offense committed during the same course of conduct.  According to the State, HRS § 291D-3(d) expressly prevents HRS § 701-109 from barring subsequent prosecution of a criminal traffic offense, such as excessive speeding, when a prior civil traffic offense committed during the same course of conduct has already been adjudicated.  Thus, while HRS § 701-109(1)(a) forbids convicting a defendant of both a lesser included offense and the greater offense, the State argues HRS § 291D-3(d) creates an exception to that rule.  Second, the State rejects Kalua's argument that prosecuting him for excessive speeding would violate the compulsory joinder requirement of HRS § 701-109(2); the State contends that HRS § 291D-3(d) precludes the operation of all provisions in HRS § 701-109 in the traffic offense context, including the compulsory joinder requirement.

13

Plainly, the arguments advanced by both the State and Kalua turn on the meanings of HRS §§ 701-109 and 291D-3(d) and how they interrelate. We turn to the State's argument that HRS § 291D-3(d)[10]—precluding the compulsory joinder provision of HRS § 701-109(2)—also precludes application of HRS § 701-109[11]

---

[10] HRS § 291D-3(d) states that "[i]n no event shall section 701-109 preclude <u>prosecution</u> for a related criminal offense where a traffic infraction committed in the same course of conduct has been adjudicated pursuant to this chapter." (Emphasis added).

[11] HRS § 701-109 provides:

> (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> (a)  One offense is included in the other, as defined in subsection (4) of this section;
> (b)  One offense consists only of a conspiracy or solicitation to commit the other;
> (c)  Inconsistent findings of fact are required to establish the commission of the offenses;
> (d)  The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or
> (e)  The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.
>
> (2) Except as provided in subsection (3) of this section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.
>
> (3) When a defendant is charged with two or more offenses based on the same conduct or arising from the same episode, the court, on application of the prosecuting attorney or of the defendant, may order any such charge to

(. . . continued)

14

barring multiple convictions "[w]hen the same conduct of a defendant may establish an element of more than one offense[.]" HRS § 701-109(1). As we explain more fully below, HRS § 291D-3(d) preempts only HRS § 701-109(2) relating to compulsory joinder, not, inter alia, HRS § 701-109(1)(a) barring conviction for a greater offense as well as its lesser offense.

HRS § 701-109(2), the "compulsory joinder" provision, generally prevents the State from exposing a defendant to separate trials for separate offenses when the multiple charges arise from the same conduct or episode. It is the only provision of HRS § 701-109 that prevents multiple prosecutions "[w]hen the same conduct of a defendant may establish an element of more than one offense[.]" HRS § 701-109(1). Under HRS §

---

(continued . . .)

> be tried separately, if it is satisfied that justice so requires.
>
> (4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:
>
> (a)    It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
> (b)    It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or
> (c)    It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

15

701-109(2), the separate offenses must generally be joined or consolidated in a single trial.

> (2) Except as provided in subsection (3) of this section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.[12]

See State v. Akau, 118 Hawai'i 44, 46, 185 P.3d 229, 231 (2008) (referring to HRS § 701-109(2) as a "compulsory joinder" statute and stating that it requires joinder of all criminal offenses "based on the same conduct or arising from the same episode"); State v. Keliiheleua, 105 Hawai'i 174, 181, 95 P.3d 605, 612 (2004) (noting that HRS § 701-109(2) reflects "a policy that all charges that arise under one episode be consolidated in one trial so that a defendant need not face the expense and uncertainties of multiple trials based on essentially the same episode" (citation omitted)); Model Penal Code and Commentaries § 1.07 cmt. at 116 (Am. Law Inst. 1962) ("Subsection (2) is designed to prevent the state from subjecting a defendant to separate trials based on essentially the same conduct. It requires the prosecution to join in one trial all offenses based

---

[12] As its opening clause indicates, the compulsory joinder provision of HRS § 701-109(2) will not apply if a court finds that justice requires separate trials. "When a defendant is charged with two or more offenses based on the same conduct or arising from the same episode, the court, on application of the prosecuting attorney or of the defendant, may order any such charge to be tried separately, if it is satisfied that justice so requires." HRS § 701-109(3).

16

on the same conduct or arising from the same criminal episode.

The penalty for failure to do so is a bar to further prosecution

. . . .").

In 1993, the legislature made an exception to the

compulsory joinder provision of HRS § 701-109(2) to provide for

a bifurcated (or two-track) system featuring separate procedural

tracks for processing civil and criminal traffic offenses.

> In response to a request by the legislature, the judiciary prepared a report in 1987 that recommended, among other things, further decriminalization of traffic offenses, elimination of most traffic arraignments, disposition of uncontested violations by mail, and informal hearings where the violation or the proposed penalty is questioned. The legislature finds that further decriminalization of certain traffic offenses and streamlining of the handling of those traffic cases will achieve a more expeditious system for the judicial processing of traffic infractions.

HRS § 291D-1 (2007). See also 1993 Haw. Sess. Laws Act 214, § 1

at 365 ("The purpose of this Act is to improve the system by

which traffic offenses presently are being processed in order to

dispose expeditiously of these cases and thereby achieve

efficient and effective use of limited judicial and law

enforcement resources."). Under the then-new system, civil

traffic offenses could be processed on one track, while the

generally more complex criminal traffic offenses could be

processed on a different track, thereby creating a

"streamlin[ed]" and "more expeditious system for the judicial

processing of traffic infractions." HRS § 291D-1.

17

HRS § 291D-3(d)[13] was therefore a necessary piece of the two-track structure. HRS § 291D-3(d) negates the Penal Code's general compulsory joinder provision (HRS § 701-109(2)) in the specific context of civil and criminal traffic offenses committed in the same course of conduct. That, in turn, allows the successive prosecutions envisioned by the two-track system for processing a civil traffic offense and a criminal traffic offense arising out of the same course of conduct.[14]

Thus, the ICA correctly concluded that HRS § 291D-3(d) "eliminates any bar to criminal prosecution that could otherwise arise from the application of HRS § 701-109(2)," that is, from the application of HRS § 701-109's compulsory joinder provision. Kalua, 136 Hawai'i at 186, 358 P.3d at 755 (emphasis added); see also HRS § 701-109(2) (requiring that defendants "not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode if such offenses are

---

[13] HRS § 291D-3(d) provides that "[i]n no event shall section 701-109 preclude prosecution for a related criminal offense where a traffic infraction committed in the same course of conduct has been adjudicated pursuant to this chapter."

[14] The two-track system allows separate processing of a civil traffic offense and a criminal traffic offense arising out of the same course of conduct. But consistent with its underlying purposes of streamlining and efficiency, the two-track system also allows a single trial of both types of offenses where they arise out of the same course of conduct. HRS § 291D-2 (2007) (authorizing a "[c]oncurrent trial . . . in which the defendant is tried simultaneously in a civil case for any charged traffic infraction and in a criminal case for any related criminal offense, with trials to be held in one court on the same date and at the same time"). See also HRS § 291D-13(d) (2007).

known to the appropriate prosecuting officer at the time of the commencement of the first trial[,]" except under certain circumstances).

While we agree that HRS § 291D-3(d) specifically precludes application of the compulsory joinder provisions of HRS § 701-109(2), HRS § 291D-3(d) does not have a generally preclusive effect on every provision of HRS § 701-109. Specifically, HRS § 291D-3(d) does not have a preclusive effect on the provisions of HRS § 701-109(1), including those governing lesser included offenses.

HRS § 291D-3(d), by its terms, applies only to HRS § 701-109(2). "In no event shall section 701-109 preclude prosecution for a related criminal offense where a traffic infraction committed in the same course of conduct has been adjudicated pursuant to this chapter." HRS § 291D-3(d) (emphases added). The other provisions of HRS § 701-109, in contrast, apply by their terms not to prosecutions but to convictions: "The defendant may not . . . be convicted of more than one offense if: (a) [o]ne offense is included in the other . . . ." HRS § 701-109(1)(a) (emphasis added). As we stated in State v. Yokota, 143 Hawai'i 200, 207, 426 P.3d 424, 431 (2018), "the Legislature explicitly provided that a defendant may be charged with multiple offenses arising from the same conduct

19

even when he or she cannot be <u>convicted</u> of more than one

offense." (Emphases in original) (citing HRS § 701-109(1)).

Stated differently, HRS § 291D-3(d) authorizes civil

traffic offenses[15] to be adjudicated prior to criminal traffic

_____

[15] The dissent contends that because the 1993 amendment to the Traffic Code described speeding as a non-criminal "infraction," speeding is no longer an "offense": "One key element of that effort [the 1993 legislation establishing the two-track system] was to establish a new category of liability called traffic 'infractions' and to explicitly provide that 'no traffic infraction shall be classified as a criminal offense.'" Dissent at 4. Under this analysis, speeding infractions cannot be subject to HRS § 701-109 because § 701-109 only pertains to "offenses." With respect, this contention is mistaken. Though speeding is an "infraction," it remains a "decriminalized traffic offense."

In referring to non-criminal traffic offenses as "infractions," the legislature in 1993 only created a category within the already existing class of "violations," which themselves are a class of "offenses," namely, non-criminal offenses. HRS § 291D-2 ("'Traffic infraction' means all violations of statutes, ordinances, or rules relating to traffic movement and control . . . for which the prescribed penalties do not include imprisonment and that are not otherwise specifically excluded from coverage of this chapter.").

An "infraction" not only "means all violations of statutes, ordinances, or rules relating to traffic movement and control[.]" <u>Id.</u> Under HRS § 701-107—titled "Grades and classes of offenses"—speeding is included within a class of non-criminal "offenses," termed "a violation." A "violation" is defined by the Code in two ways. A violation is either any offense specifically designated as a violation by the Penal Code (or any other Hawai'i statute, such as the Traffic Code) or any offense punishable only by "a fine, or fine and forfeiture or other <u>civil</u> penalty[.]" HRS § 701-107(5) (emphasis added) ("A violation does not constitute a crime[.]"); <u>see also</u> HRS § 701-107 cmt. ("Subsection (5) creates <u>a class of non-criminal offenses</u>, called violations." (emphasis added)).

Here, ordinary speeding satisfies both prongs of the Penal Code's definition of a "violation," and a "non-criminal offense[]." <u>See</u> HRS § 701-107(5). First, the ordinary speeding statute provides for no other sentence than a fine. HRS § 291C-102(a)(1); HRS § 291D-9(a)-(b). Second, speeding is expressly defined as a violation by "another statute of this State," namely, the Traffic Code. <u>See</u> HRS §§ 291C-102, 291C-161(a) ("It is a <u>violation</u> for any person to violate any of the provisions of this chapter, except as otherwise specified in subsections (c) and (d) and unless the violation is by other law of this State declared to be a felony, misdemeanor, or petty misdemeanor." (emphasis added)). Thus speeding is an infraction that constitutes both a violation and a non-criminal offense. As a noncriminal

(. . . continued)

offenses arising from the same course of conduct without thereby automatically precluding a later trial for the criminal offense occurring in the same course of conduct. But HRS § 291D-3(d) does not preclude the operation of HRS § 701-109(1)'s provision prohibiting convicting a defendant of more than one offense, such as when one offense is the lesser included offense of a greater offense. See HRS §§ 701-109(1)(a), 701-109(4).

### C. Speeding Is a Lesser Included Offense of Excessive Speeding

We have previously ruled that speeding is a lesser included offense of excessive speeding in State v. Fitzwater, 122 Hawai'i 354, 357, 378, 227 P.3d 520, 523, 544 (2010).

In Fitzwater, the defendant was charged with driving 70 miles per hour in a 35 miles per hour zone, "which was 5 miles per hour greater than the threshold established by HRS § 291C-105." Id. at 377, 227 P.3d at 543. Because excessive speeding is a criminal offense, the State was required to prove the defendant's speed beyond a reasonable doubt. We concluded that the State failed to meet that burden. Id. at 378, 227 P.3d at 544. The defendant's speed had been determined by the officer pacing the defendant with his vehicle, and the defendant

---

(continued . . .)

"offense," it is subject to the provisions of HRS § 701-109 other than HRS § 701-109(2).

21

challenged the accuracy of the officer's speedometer. The trial court had admitted the "speed check" card for the vehicle ostensibly showing the accuracy of the speedometer. We held that the State had failed to establish sufficient foundation to admit the speed check card as a business record. Id. at 374-77, 227 P.3d at 540-43. Because the speed check card lacked adequate indicia of reliability regarding calibration testing, the card had not been properly authenticated as a business record under Hawai'i Rules of Evidence Rule 803(b)(6). Id. at 369-70, 375, 227 P.3d at 535-36, 541.

Without the speed check card, there was insufficient evidence to prove beyond a reasonable doubt that the defendant's speed exceeded the threshold of 30 miles per hour over the posted speed limit required by HRS § 291C-105(a)(1), the excessive speeding statute. Id. at 377-78, 227 P.3d at 543-44. While the officer testified that the defendant had been driving 70 miles per hour in a 35 miles per hour zone, as measured by the officer's speedometer, we concluded that the officer's testimony alone was not sufficient, "given the relatively small margin of error of 5 miles per hour." Id. at 378, 227 P.3d at 544. However, the defendant himself had admitted in his testimony to exceeding the posted speed limit. Id. We

22

therefore remanded for entry of a judgment that the defendant had violated HRS § 291C-102(a)(1).  Id.

We explained that where an appellate court determines evidence is insufficient "to support a conviction of a greater offense but sufficient to support a conviction of a lesser included offense, the court may remand for entry of judgment of conviction on the lesser included offense[.]"  Id. (internal quotation marks omitted) (quoting State v. Line, 121 Hawai'i 74, 90, 214 P.3d 613, 629 (2009) (citation omitted)).  The point of our remand was to enter judgment on speeding as a lesser included offense of excessive speeding pursuant to HRS § 701-109(4)(a).  Our remand was consistent with HRS § 701-109(4)(a), which states, among other grounds, that one offense is the lesser included of another when the first offense "is established by proof of the same or less than all the facts required to establish the commission of the" other offense.  If Kalua engaged in the same conduct for both speeding and excessive speeding, he cannot be convicted of excessive speeding because, pursuant to HRS § 701-109(4)(a), he has been convicted of the lesser included offense of speeding.

The dissent disagrees that Fitzwater held speeding to be an included offense of excessive speeding, contending instead that Fitzwater merely quoted a sentence from Line for the

23

relevant general rule, and introduced that quotation with a "cf." signal, which the dissent regards as incapable of supporting a holding. Dissent at 5-6 (quoting Fitzwater, 121 Hawai'i at 90, 214 P.3d at 629 for the proposition quoted in Line, 121 Hawai'i at 90, 214 P.3d at 629 that "[i]t is established that if an appellate court determines that the evidence presented at trial was insufficient to support a conviction of a greater offense but sufficient to support a conviction of a lesser included offense, the court may remand for entry of judgment of conviction on the lesser included offense" (internal quotation marks omitted)). However, contrary to the dissent's suggestion, that sentence was not a mere aside. It was essential to the disposition of the case. See Black's Law Dictionary 106 (10th ed. 2014) (defining "holding" as "[a] court's determination of a matter of law pivotal to its decision"). This court specifically stated that, on remand, judgment was to be entered against the defendant on the "non-criminal traffic infraction" of speeding as an included offense of excessive speeding.[16] The dissent also rejects this court's treatment in Fitzwater of speeding as an included offense based

---

[16] "Accordingly, we remand for entry of a judgment that [the defendant] violated HRS 291C-102(a)(1), in accordance with the applicable statutes governing non-criminal traffic infractions." Fitzwater, 122 Hawai'i at 378, 227 P.3d at 544.

24

on the incorrect proposition that a civil infraction cannot result in a conviction.  As noted, this assumption is directly contrary to the language of Fitzwater remanding with instructions that the defendant be found to have committed the civil infraction of speeding as a lesser included offense of excessive speeding.  The dissent's position also directly contradicts the penal code's definition of an offense in HRS § 701-107(5) (1993) that provides for conviction of civil offenses:  "[A] violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense."  Thus, the language of HRS § 291D-3(c)(1) establishing that a civil judgment arises from the commission of speeding clearly does not preclude its status as an included offense for purposes of HRS § 701-109(4).

In order for the statutory protections against being convicted of both a greater offense and its lesser included offense to apply in a given case, the offenses must pertain to the same conduct, not separate conduct.  Model Penal Code and Commentaries § 1.07 cmt. at 102, 106 (Am. Law Inst. 1962) (noting that the language of the Model Penal Code adopted verbatim by HRS § 701-109(1) "specifies the situations in which conviction for more than one offense based on the same conduct

is precluded" (emphasis added)).  See also HRS § 701-118(4)

(1993) (expressly defining "conduct" to mean "an act or

omission, or, where relevant, a series of acts or a series of

omissions, or a series of acts and omissions").  Conversely, if

the offenses pertain to separate conduct, both are eligible for

prosecution and conviction.  See State v. Apao, 95 Hawai'i 440,

446-47, 24 P.3d 32, 38-39 (2001) (contrasting "separate and

distinct culpable acts" with "an uninterrupted continuous course

of conduct"); State v. Lessary, 75 Haw. 446, 459-60, 865 P.2d

150, 156-57 (1994) (contrasting "the same conduct" test with

"individuals who perform separate acts that independently

constitute separate offenses"); State v. Mendonca, 68 Haw. 280,

284, 711 P.2d 731, 735 (1985) ("Where . . . two different

criminal acts are at issue, supported by different factual

evidence even though separated in time by only a few seconds,

one offense by definition cannot be 'included' in the other."

(citation omitted)).

     As noted, we held in Fitzwater that speeding is a

lesser included offense of excessive speeding.[17]  There was no

dispute that the lesser included offense of speeding pertained

---

[17]     In Fitzwater, HRS § 701-109(1) did not apply because the defendant was charged with only one offense:  the offense of excessive speeding.

to the same conduct as the greater offense of excessive speeding, because the defendant had been charged only with the offense of excessive speeding.  Here, though, Kalua is charged with two offenses:  speeding and excessive speeding.

Accordingly, if the district court on remand finds at trial both offenses to be grounded in the same conduct, then the State is prohibited from convicting Kalua of excessive speeding.  If, however, the district court finds that the two offenses are not grounded in the same conduct but rather in different criminal acts, then the State may convict Kalua of both offenses.

### D.    Considerations on Remand

In sum, on remand the State is not barred from prosecuting Kalua for excessive speeding.  At trial, the district court must determine whether the two offenses involve the same conduct rather than separate criminal acts.  HRS § 701-109(1)(a)'s prohibition on convicting a defendant of more than one offense when one of those offenses is a lesser included offense will apply if the conduct is the same.  However, if, on the other hand, it is found that speeding and excessive speeding arose from separate criminal acts constituting separate conduct, Kalua may be convicted of excessive speeding, in addition to the speeding offense that was already adjudicated.

27

## IV.   Conclusion

Based on the foregoing, we affirm the judgment of the ICA, but for the reasons stated herein, and remand the case to the district court for proceedings consistent with this opinion.

| | |
|---|---|
| John M. Tonaki | /s/ Sabrina S. McKenna |
| Jon N. Ikenaga | |
| for Petitioner | /s/ Richard W. Pollack |
| | |
| Mitchell D. Roth | /s/ Michael D. Wilson |
| E. Britt Bailey | |
| for Respondent | |

