**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000055
24-MAR-2022
07:58 AM
Dkt. 47 SO**

NO. CAAP-20-0000055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEITH M. MATSUI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-19-0000043)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Keith M. Matsui (**Matsui**) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss Counts 1, 3, and 4 (**Order**), entered on November 22, 2019, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

On November 25, 2018, Matsui was issued two traffic citations, which were subsequently filed in the District Court of the Second Circuit, Wailuku Division (**District Court**): one for traffic crimes, Case No. 2DTC-18-005218 (**Traffic Crime Case**), and one for traffic infractions, Case No. 2DTI-18-019086 (**Traffic Infraction Case**).

On December 24, 2018, in the Traffic Crime Case, Matsui was charged by Amended Complaint with: (1) Driving While License Suspended or Revoked, in violation of Hawaii Revised Statutes (**HRS**) § 286-132 (**Count 1**); (2) No Motor Vehicle Insurance, in

---

[1] The Honorable Richard T. Bissen, Jr. presided. On December 3, 2019, the Circuit Court entered the Order Granting Motion for Leave to File Interlocutory Appeal, allowing Matsui to appeal from the Order, pursuant to HRS § 641-17 (2016).

violation of HRS § 431:10C-104(a); (3) Driving Without a License, in violation of HRS § 286-102 (**Count 3**); and (4) Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant, in violation of HRS § 291E-62(a)[2/] (**HRS § 291E-62(a) Offense** or **Count 4**).  The Traffic Crime Case was later committed to the Circuit Court and became Case No. 2CPC-19-0000043.

Meanwhile, on December 26, 2018, in the Traffic Infraction Case, the District Court entered a default judgment against Matsui for several traffic infractions, including failing to have a valid driver's license in his immediate possession, in violation of HRS § 286-116(a)[3/] (**Driver's License Infraction**).

On October 31, 2019, in the Traffic Crime Case, Matsui filed a Motion to Dismiss Counts 1, 3, and 4 (**Motion**), arguing that the Driver's License Infraction was a lesser-included offense of those counts, such that the judgment against

---

[2/]     HRS § 291E-62(a) (Supp. 2017) provides:

    (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

> (1)     In violation of any restrictions placed on the person's license;

> (2)     While the person's license or privilege to operate a vehicle remains suspended or revoked;

> (3)     Without installing an ignition interlock device required by this chapter; or

> (4)     With an ignition interlock permit unless the person has the ignition interlock permit and a valid State of Hawaii identification card in the person's immediate possession.

[3/]     HRS § 286-116(a) (Supp. 2017) provides, in relevant part:

    (a) Every licensee shall have a valid driver's license in the licensee's immediate possession at all times . . . when operating a motor vehicle, and shall display the same upon demand of a police officer.  Every police officer or law enforcement officer when stopping a vehicle or inspecting a vehicle for any reason shall demand that the driver or owner display the driver's or owner's driver's license and insurance identification card.

Matsui for the Driver's License Infraction barred any conviction on those counts. The State opposed the Motion as to Count 4 and indicated that "it intend[ed] to dismiss Counts One and Three prior to trial, for other reasons." Following a hearing on November 12, 2019, the Circuit Court: (1) concluded that the Motion was moot as to Counts 1 and 3 based on the State's representation; and (2) denied the Motion. As relevant here, the court ruled that the Driver's License Infraction was not a lesser-included offense of the HRS § 291E-62(a) Offense.

On appeal, Matsui raises a single point of error, contending that the Circuit Court erred in concluding that the Driver's License Infraction was not a lesser-included offense of the HRS § 291E-62(a) Offense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Matsui's point of error as follows and affirm:

HRS § 701-109(1)(a) (2014) states:

> (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> (a) one offense is included in the other, as defined in subsection (4) of this section[.]

In turn, HRS § 701-109(4) (Supp. 2018) states:

> (4) A defendant may be convicted of an offense included in an offense charged in the felony complaint, indictment, or information. An offense is so included when:
>
> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or
>
> (c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

See State v. Alston, 75 Haw. 517, 532–33, 865 P.2d 157, 166

3

(1994) ("[A]n offense is a lesser included offense of another if it 'satisfies the requirements set forth in HRS § 701-109(4) which codifies the common law doctrine of lesser included offenses.'" (original brackets omitted) (quoting State v. Burdett, 70 Haw. 85, 87, 762 P.2d 164, 165 (1988))).

Whether an offense is a lesser-included offense under HRS § 701–109(4) is a question of law reviewed de novo under the right/wrong standard. See State v. Rumbawa, 94 Hawaiʻi 513, 516, 17 P.3d 862, 865 (App. 2001) (citing State v. Friedman, 93 Hawaiʻi 63, 68, 996 P.2d 268, 273 (2000)).

In State v. Kalua, 144 Hawaiʻi 7, 434 P.3d 1202 (2019), the Hawaiʻi Supreme Court ruled that judgment on a civil speeding infraction constituted a "conviction" for purposes of HRS § 701-109(1)(a) and (4). Id. at 16, 434 P.3d at 1211 (citing HRS § 701-107(5)). As a result, the statutory protections of HRS § 701-109(1)(a) and (4) apply where a defendant faces conviction of both a civil traffic infraction and a criminal offense, if the civil infraction (1) pertains to the same conduct as the criminal offense, and (2) is a lesser-included offense of the criminal offense. See id. at 16-17, 434 P.3d at 1211-12.

Here, there has been no trial to determine whether the Driver's License Infraction and the HRS § 291E-62(a) Offense pertain to the same conduct. See id. at 17, 434 P.3d at 1212 (remanding for trial to determine whether the speeding and excessive speeding offenses involved the same conduct rather than separate criminal acts). However, the State stipulated below, for purposes of the Motion, "that one aspect of [Matsui's] conduct in this case - specifically, operation of a vehicle on November 25, 2018 - would establish a single element of the [HRS § 291E-62(a) O]ffense in Count Four, as well as [the Driver's License Infraction]." In addition, Matsui relied solely on subsection (4)(a) of HRS § 701-109 as his basis for dismissal of Count 4. Thus, the only issue we consider in this interlocutory appeal is whether, under HRS § 701-109(4)(a), the Driver's License Infraction is a lesser-included offense of the HRS § 291E-62(a) Offense.

4

"The general rule is that 'an offense is included if it is impossible to commit the greater without also committing the lesser.'" State v. Manuel, 148 Hawaiʻi 434, 440, 477 P.3d 874, 880 (2020) (brackets omitted) (quoting Friedman, 93 Hawaiʻi at 72, 996 P.2d at 277). "Additionally, in applying HRS § 701-109(4)(a), . . . 'several factors may be considered in determining whether an offense is a lesser included offense of another: (1) the degree of culpability; (2) the legislative statutory scheme; and (3) the end result.'" Id. (quoting Friedman, 93 Hawaiʻi at 72, 996 P.2d at 277 (citing Alston, 75 Haw. at 533, 865 P.2d at 166)); see id. at 441, 477 P.3d at 881 (referring to these three factors as the "Alston factors").

Here, it is possible for a person to commit the HRS § 291E-62(a) Offense without also committing the Driver's License Infraction. For example, under HRS § 291E-61(b)(1) (Supp. 2018), a person convicted of operating a vehicle under the influence of an intoxicant (**OVUII**) could be sentenced for the first offense to, among other things, a one-year revocation of the person's license to operate a vehicle, and installation during the revocation period of an ignition interlock device on all vehicles operated by the person. However, under HRS § 291E-61(d), if certain conditions are met, and subject to specified restrictions, "the court may issue a separate permit authorizing a defendant to operate a vehicle owned by the defendant's employer during the period of revocation without installation of an ignition interlock device . . . ." See also HRS § 291E-44.5(c) (Supp. 2018) (authorizing the director[4] to issue the same type of permit). Further, under HRS § 291E-61(i), if certain conditions are met, "the court shall issue an ignition interlock permit that will allow the defendant to drive a vehicle equipped with an ignition interlock device during the revocation period." See also HRS § 291E-44.5(a) (authorizing the director to issue an ignition interlock permit). It appears that such permits are

---

[4] "'Director' means the administrative director of the courts or any other person within the judiciary appointed by the director to conduct administrative reviews or hearings or carry out other functions relating to administrative revocation under part III." HRS § 291E-1 (2007).

considered a type of "license" for purposes of HRS chapter 291E. See HRS § 291E-1 (defining "License" to include "any driver's license or any other license or permit to operate a motor vehicle issued under, or granted by, the laws of this State . . . ."); see also HRS § 291E-41(a) ("<u>Except as provided in section 291E-44.5</u>, no license and privilege to operate a vehicle shall be restored under any circumstances during the administrative revocation period." (emphasis added)).  Accordingly, HRS § 291E-62(a) allows a person convicted of OVUII whose driver's license has been revoked and who has been issued a permit pursuant to HRS § 291E-61 to legally drive a vehicle, as long as the person complies with certain conditions (*e.g.*, installing an ignition interlock device in their vehicle or driving their employer's vehicle under specified restrictions).  <u>See also</u> HRS § 286-132 (2007) ("<u>Except as provided in section 291E-62</u>, no resident or nonresident whose driver's license, right, or privilege to operate a motor vehicle in this State has been canceled, suspended, or revoked may drive any motor vehicle upon the highways of this State while the license, right, or privilege remains canceled, suspended, or revoked." (emphasis added)).  As a result, a person having a valid permit in their immediate possession pursuant to HRS § 291E-62(a), and is not in violation of HRS § 286-116(a), could still commit an HRS § 291E-62(a) Offense if, for example, the person operates a vehicle that does not have a required ignition interlock device installed or operates a vehicle in violation of specified restrictions.

Because it is possible for a person to commit the HRS § 291E-62(a) Offense without also committing the Driver's License Infraction, under HRS § 701-109(4)(a), the Driver's License Infraction is not a lesser included offense of the HRS § 291E-62(a) Offense.[5]  The Circuit Court did not err in so ruling.

Matsui also contends for the first time that:  (1) the Driver's License Infraction is a lesser included offense of the HRS § 291E-62(a) Offense pursuant to HRS § 701-109(4)<u>(c)</u>; and (2) public policy considerations support dismissal of Count 4.

---

[5]  In light of our conclusion, we need not address the three <u>Alston</u> factors.

6

Neither argument was raised below in connection with the Motion. "Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) (citing State v. Cummings, 49 Haw. 522, 526-27, 423 P.2d 438, 442 (1967)).  This general rule appears to be particularly applicable here, where we review an interlocutory order denying a motion to dismiss, and not a final judgment.  Accordingly, in this interlocutory appeal, this court will not consider the new arguments raised by Matsui as a basis for dismissal of Count 4.

For the reasons discussed above, the Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss Counts 1, 3, and 4, entered on November 22, 2019, in the Circuit Court of the Second Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, March 24, 2022.


On the briefs:

Bradley J. Sova,
Deputy Public Defender,
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge