**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000705
23-DEC-2025
07:57 AM
Dkt. 42 SO**</span>

NO. CAAP-23-0000705


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellee, v.
TIHANI ARBOGAST, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-23-00334)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Tihani Arbogast (**Arbogast**) appeals from the November 17, 2023 Judgment and Notice of Entry of Judgment (**Judgment**), entered by the Wailuku Division of the District Court of the Second Circuit (**District Court**).[1]  Arbogast also challenges the District Court's November 17, 2023 Findings of Fact; Conclusions of Law; Decision and Order Denying Defendant [Arbogast's] Motion to Suppress Evidence [(**Motion to Suppress**)] Filed October 20, 2023 (**FOFs/COLs**), entered in favor of Plaintiff-Appellee State of Hawai‘i (**State**).

Arbogast raises a single point of error on appeal, contending that the District Court's COLs 18, 19, 21, and

---

[1]     The Honorable Christopher M. Dunn entered the Judgment; the Honorable Blaine J. Kobayashi presided over the hearing on the Motion to Suppress and entered the FOFs/COLs.

footnote 2 are plainly erroneous as a matter of law, and that field sobriety tests (**FSTs**) constitute warrantless searches and seizures under Haw. Const. art. I, § 7 and are presumed unreasonable unless they fall within a well-defined exception to the warrant requirement. Arbogast also argues that the Motion to Suppress sufficiently raised and adequately provided notice to both the prosecution and the District Court that one of the grounds for her motion was that the prosecution failed to establish probable cause to arrest Arbogast.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Arbogast's point of error as follows:

On May 18, 2023, the State filed its Complaint and charged Arbogast with the offense of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes § 291E-61 (a)(1) and/or 291E-61 (a)(3) (2021). It is undisputed that on May 7, 2023, at around 1:30 a.m., Maui Police Department Officer Rahul Mehra (**Officer Mehra**) observed a certain SUV (**SUV**) traveling in front of him, that Officer Mehra observed the SUV travel over the white fog line for "approximately one second," then later observed the SUV drift to the left and over the double solid yellow line, then finally observed the SUV drift right again with the passenger tires traveling over the white fog line again. Officer Mehra then effectuated a traffic stop. Arbogast was the operator of the

SUV; a female passenger was in the front seat.  As Officer Mehra informed Arbogast of the reason for the stop, he detected the odor of liquor coming from within the subject vehicle and the female passenger admitted that she had been drinking; Officer Mehra, after obtaining Arbogast's driver's license, registration, and insurance, detected an odor of liquor on Arbogast and that she had red, watery eyes.  Arbogast denied having anything to drink.  Officer Mehra then directed Arbogast to step out of the subject vehicle to participate in the FST.

Arbogast originally pleaded not guilty, and filed the Motion to Suppress.  The thrust of Arbogast's Motion to Suppress was that FSTs constitute both a warrantless search and/or seizure within the meaning of Haw. Const. art. I, §§ 6 and 7, and thus that for such warrantless searches and/or seizures to be valid, a defendant would need to consent to such FSTs; thus, consent by the defendant in the context of an FST constitutes a voluntary waiver whereas the absence of consent does not.  In the introductory paragraph of the motion, Arbogast included that "[t]his motion is made on the grounds that [Arbogast's] seizure and subsequent arrest were unlawful, having lacked reasonable suspicion, probable cause or lawful consent[.]"

On October 27, 2023, the District Court held a hearing on the Motion to Suppress.  Officer Mehra was the only testifying witness.  No testimony was elicited by either party regarding probable cause for Arbogast's arrest.

On November 17, 2023, the District Court issued its FOFs/COLs in favor of the State, and in a footnote stated that:

3

> At the conclusion of the hearing on the Motion, counsel for Defendant also argued that the State failed to set forth sufficient facts to establish probable cause for the OVUII arrest. This argument is unavailing. Aside from simply stating so in a single sentence in the introductory paragraph of the Motion, it is clear from the body of the Motion that lack of probable cause was <u>not</u> a ground for the Motion. Accordingly, the Court respectfully declines to address this issue.

On the same day, Arbogast entered a conditional guilty plea reserving the right to appeal from the judgment to seek review of the Motion to Suppress.

> The challenged COLs are as follows:

> 18.   Standardized field sobriety tests do not infringe upon a defendant's constitutional right, under the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Hawaiʻi State Constitution, to be secure from unreasonable searches, seizures, and invasions of privacy. These tests involve nothing more than an exhibition of physical characteristics of coordination. The tests seek neither communications nor testimony from a defendant. The tests, <u>*even if compelled*</u>, do not run afoul of the constitutional prohibition against compulsory self-incrimination. <u>State v. Wyatt</u>, 67 Haw. 293, 301-03 (1984) (emphasis added).

> 19.   Defendant's consent to the SFSTs was not required.

> . . . .

> 21.   Even assuming, *arguendo*, consent was required, based on the court's review of the totality of the circumstances, Defendant freely and voluntarily consented to participate in the SFSTs, and there was also no evidence of any force or compulsion on the part of Officer Mehra for Defendant to consent to participate in the SFSTs.

"A trial court's conclusions of law are reviewed <u>de novo</u> under the right/wrong standard." <u>State v. Kalua</u>, 144 Hawaiʻi 7, 10, 434 P.3d 1202, 1205 (2019) (quoting <u>State v. Adler</u>, 108 Hawaiʻi 169, 174, 118 P.3d 652, 657 (2005)).

It is well settled that an FST does not infringe upon a defendant's constitutional rights, under the Fourth Amendment to the United States Constitution and article I, section 7 of the Hawaiʻi State Constitution, to be secure from unreasonable

4

searches, seizures and invasions of privacy, even if compelled. State v. Wyatt, 67 Haw. 293, 303-06, 687 P.2d 544, 551-53 (1984); see also State v. Uchima, 147 Hawaiʻi 64, 84-85, 464 P.3d 852 872-73 (2020). COLs 18, 19, and 21 correctly reflect the well-settled law on this issue. Thus, Arbogast's arguments to the contrary are without merit.

Arbogast further argues that the Motion to Suppress should have been granted because the State did not establish probable cause for her arrest during the hearing on the Motion to Suppress. The District Court correctly noted that Arbogast had not argued that the State failed to set forth sufficient facts to establish probable cause for the OVUII arrest in the Motion to Suppress, except for a passing reference in the introductory paragraph of the motion, and that Arbogast merely repeated this bare assertion at the conclusion of the hearing on the motion. Hawaiʻi Rules of Penal Procedure Rule 47 requires that a motion made in writing or orally shall state the grounds upon which it is made. Arbogast did not state, in her Motion to Suppress, the grounds on which the State allegedly failed to establish probable cause and instead argued at length about the FST issues discussed *supra*. Moreover, Arbogast offers no support for the proposition that evidence of Arbogast's performance on an FST must be suppressed because probable cause to arrest Arbogast for OVUII had not been established prior to the administration of the FST. Accordingly, we conclude that this argument is without merit.

5

For these reasons, the District Court's November 17, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, December 23, 2025.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge